**VALJO MUSIC PUBLISHING CORPORATION, Plaintiff,**

v.

**ELVIS PRESLEY MUSIC, Inc., Mike Stoller and Jerry Leiber, Defendants.**

United States District Court
S. D. New York.
Dec. 4, 1957.

Jack Pearl, New York City, for plaintiff.

Lewis A. Dreyer, and Jack M. Ginsberg, New York City, for defendants, Norma Hack, New York City, of counsel.

DAWSON, District Judge.

This case, tried by the Court without a jury, raises the issue as to whether John Veliotes, otherwise known as and hereinafter referred to as, Johnny Otis, was one of the authors of a song entitled "Hound Dog" which apparently has had wide distribution on records and on radio and television.

It appears without contradiction that the plaintiff is an Ohio corporation; that on or about April 30, 1951, Johnny Otis had, by an agreement in writing, assigned to the plaintiff corporation "all of the musical compositions, including the titles, words and music thereof, which may be composed and/or written by him during the period of this Agreement, together with all of the Writer's right, title and interest in and to all musical compositions composed and/or written in part by the Writer(s) or jointly or in collaboration with any other person, writer or composer during such period." The period of the agreement was for five years. Johnny Otis had, and has had, a substantial interest in the plaintiff corporation. The defendants Leiber and Stoller are residents of New York; the defendant Elvis Presley Music, Inc. is a New York corporation.

The complaint alleges that an original musical composition entitled "Hound Dog" was written by Mike Stoller, Jerry Leiber and Johnny Otis some time in 1953. The defendants deny that Johnny Otis wrote any part of this composition. They allege that it was the work of Leiber and Stoller alone.

The issue is almost entirely one of fact. Leiber and Stoller testified that no part of the song was written by Otis. Otis testified that he wrote the entire third verse of the song and a new line in the second verse.

The evidence showed that Leiber and Stoller, both young men, worked as a song writing team. They met Otis, who was a band leader and song writer, and is now a disk jockey, in the summer of 1952. In July 1952, Otis conducted a recording session for Federal Records

of certain songs written by Leiber and Stoller. Following this session Leiber and Stoller agreed to give Otis a one-third interest in any songs they had written and which Otis had played for the recording session. This was apparently to be recompense to him for undertaking the recording of these songs. The parties then executed a contract, dated July 25, 1952, with Valjo, the plaintiff corporation, which gave Valjo the publishing rights to these songs which had been recorded. The contract was signed by Johnny Otis on behalf of the plaintiff corporation.

Thereafter, in August 1952, Otis informed Leiber and Stoller that he had arranged for a further recording session for Peacock Records, with a blues singer named Willie Mae Thornton and suggested that Leiber and Stoller write material for that singer. This they did, and one of the songs prepared was "Hound Dog." They presented the song —written in pencil on ordinary paper —to Otis and the vocalist at Otis' home. There was no written music prepared. It was testified that with a song of this nature—described as a "rhythm and blues" song—there is no written music, and that the band in such a situation would provide a rhythmic background while the vocalist provided such melody as she chose. Leiber and Stoller testified that they played and sang the song to Miss Thornton. It was testified that Miss Thornton did not read music so that written music would mean nothing to her. Miss Thornton testified that she was handed the manuscript and "just started singing at the studio and they just started playing." She testified that Otis made no changes in the manuscript that Leiber and Stoller gave her. Otis then told Leiber and Stoller that since he had arranged for the recording of the song he was entitled to be "cut in" for one-third of the royalties. Leiber and Stoller agreed, but made clear that he was not to be "cut in" as a "writer."

Thereafter on August 30, 1952, a contract was signed by Leiber and Stoller with Spin Music Inc. (a corporation in which Johnny Otis had an interest) by which the rights to "Hound Dog" and certain other songs were assigned to Spin Music Inc. and under which all royalties were to be paid to and divided between Otis, Stoller and Leiber in equal thirds. The three were described in the agreement as "the Writers." This contract was admittedly signed by Leiber and Stoller but there is considerable doubt that it was ever signed by Otis. However, Otis contends that it constitutes an admission by Leiber and Stoller that he was one of the "writers" of "Hound Dog." The Court does not feel that this conclusion is justified. The agreement is a standard type of publishing agreement on a printed form. There was no doubt that Leiber and Stoller had agreed that Otis was to have a one-third interest in the royalties from the song. Filling in his name after the printed word "writer" would not necessarily be a recognition that he was in fact a writer but rather may well have been regarded by the parties as an easy way to describe the persons who were to share the royalties. Furthermore, since Otis had an interest in Valjo, the plaintiff corporation, and had assigned to it any songs he might write or participate in writing, it is difficult to see how he can reconcile his contention that he was a writer of "Hound Dog" with the assignment of the rights to Spin Music Inc., an entirely different corporation. If Otis was a writer of the song he was engaged in defrauding his own corporation by giving the rights to the song to another corporation.

Thereafter Otis, in apparent disregard of the contracts both with Spin Music Inc. and plaintiff, arranged to have "Hound Dog" published by Lion Music Publishing Company of Houston, Texas, and released by its affiliate Peacock Records. Otis executed a writer-publisher contract on October 10, 1952 with Lion Music Publishing Company in which Leiber, Otis and Stoller were described as the writers of "Hound Dog." Otis signed not only his name but also signed—or perhaps forged—the names

of Stoller and Leiber to it. The president or proprietor of Lion Music Publishing Company noted the similarity of the handwriting of the signatures and made contact with Leiber and Stoller who advised him that Otis had no authority to sign their names to the agreement and that Otis was not a co-author of the song, although he was entitled to receive one-third of the royalties. Lion then arranged for a contract with Leiber and Stoller alone for the publishing rights. Lion apparently thereafter assigned publishing rights to the defendant Elvis Presley Music, Inc.

Various negotiations took place between Leiber, Stoller, and their attorney, with Otis, which culminated in the execution of a written letter which was approved by Otis on August 26, 1956, and which was sent to King Record Company. The letter reads as follows:

"As you know a controversy has arisen in connection with the writing of the number entitled, 'Hound Dog.' On some of the manufactured records the name of John Otis mistakenly appeared as one of the writers of 'Hound Dog.'

"In order to eliminate any and all doubt concerning the authorship of this musical number, you are advised that the musical number entitled 'Hound Dog,' was written solely and exclusively by Mike Stoller and Jerry Leiber and no one else. To confirm this to your complete satisfaction, we have requested John Otis to sign this letter at the space provided therefor below. Accordingly his signature shall serve as a definite and complete admission on his part that he was not one of the writers of that number."

A copy of the letter was signed by Otis and sent to Lion Music Publishing Company. On the same day Otis entered into a written agreement with Leiber and Stoller to accept $750 as the total amount of money to which he was entitled for publication by Lion Music of "Hound Dog."

By the written admission of Otis, he was not one of the authors of "Hound Dog." By written agreement, Otis settled any claims for royalties for the sum of $750. If Otis had honestly thought that he was co-author of the song he would not lightly have repudiated any rights he might have had as author. The execution of these documents by Otis, combined with his continuing disregard of contractual obligations entered into by him with corporations in which he had an interest, lead the Court to conclude that his contention that he is a co-author of "Hound Dog" is unworthy of belief. His testimony that he was a co-author is unsupported by any other witness. He attempted to explain the execution of the aforesaid letter and the settlement agreement by stating that he learned that Leiber and Stoller were infants and therefore might disaffirm any contract he had with them. However, Otis was a man who had many years experience in the music business. He must have realized that even though Leiber and Stoller were infants they could not disaffirm his co-authorship of a song, if in fact he had been a co-author. Having heard Otis on the stand and having examined the documents executed by him, the Court concludes that he is unworthy of belief in his contention that he was one of the authors of "Hound Dog."

The Court reaches the following conclusions:

1. The Court has jurisdiction of this action.

2. Any right of the plaintiff to recover would have to be based upon proof that Otis wrote or collaborated in the writing of "Hound Dog."

3. Otis did not write or collaborate in the writing of the song "Hound Dog."

4. Judgment should be entered for defendants with costs.

This opinion shall constitute the findings of fact and conclusions of law of the Court. Submit judgment in accordance herewith.